## In the matter of condemnation of lands of ELEANOR BIGGAR ROBINSON.

### [Decided February 20th, 1923.]

1. The commissioners of assessment awarded E. B. R. $4,839, as damages for the taking of land owned by her, for the laying out and opening of a public street. The report was confirmed, the amount tendered and refused, and the sum paid into this court in pursuance of an order made by virtue of the statute. E. B. R. petitioned for the payment of the award out of the depository of this court, without notice to the borough, which payment was made to her, although she in the meantime took an appeal and the jury reduced the damages to $2,500, which facts were not disclosed to this court at the time the award was applied for and withdrawn. The borough now petitions to vacate the order and for repayment to it by E. B. R. of $2,339, the difference between the amount of the award and the amount of the verdict and judgment.—*Held*, that under chapter 152, laws of 1917 (*P. L. 1917 p. 319*), known as the Home Rule act, amended by chapter 195, laws of 1921 (*P. L. 1921 p. 511*), which provides, *inter alia*, that the jury, on appeal, shall assess such damages *anew*, and that the *judgment entered on such appeal shall fix the amount to be recovered by the appellant*, the borough is entitled to such repayment by E. B. R., with interest and costs.

2. *Jersey City* v. *Hamilton, 70 N. J. Law 48*, distinguished.

---

On petition to vacate order for payment of award.

*Mr. Wendell J. Wright,* for the borough of Edgewater, petitioner.

*Mr. Louis Ogust,* for Eleanor Biggar Robinson, respondent.

WALKER, CHANCELLOR.

The commissioners of assessment of the borough of Edgewater, by report dated September 28th, 1921, awarded Mrs. Robinson the sum of $4,839 as damages for the taking of certain lands owned by her, for the laying out and opening of a public street. This report was confirmed by the borough council on November 1st, 1921, and thereafter the amount

of the award was tendered to Mrs. Robinson, who refused to accept the same; and on November 26th, 1921, the sum awarded was paid into this court in pursuance of an order made on that day by virtue of the statute. On April 28th, 1922, Mrs. Robinson presented to this court a petition reciting the making of the award, the payment thereof into court, and praying that it be paid to her; and this without notice to the borough. In pursuance of such prayer an order for payment of the deposit was duly made on the same date, and the fund was thereupon paid to her out of the depository of this court.

On December 12th, 1922, the borough of Edgewater discovered that the amount so deposited had been withdrawn, although in the meantime Mrs. Robinson had taken an appeal from the award, which had been by a jury reduced to the sum of $2,500. Nor were these facts disclosed to this court at the time that the award of $4,839 was applied for and paid out. The borough now petitions this court to vacate the order for the payment to Mrs. Robinson of the fund, and prays that it may be decreed that she pay it or into this court, the sum of $2,339, the difference between the amount of the award and the amount of the verdict and judgment thereon, with costs.

The landowner, Mrs. Robinson, seeks to excuse and justify her withdrawal from this court of the award deposited, upon the doctrine of *Jersey City* v. *Hamilton, 70 N. J. Law 48,* wherein it was held that, "Under the Eminent Domain act of March 20th, 1900 *(P. L. 1900 p. 79)*, as it stood before the amendment of 1903 *(P. L. 1903 p. 342)*, the payment by the condemning corporation of the amount awarded by the commissioners, whether it was paid into the court of chancery or directly to the landowner, barred any appeal from the award on behalf of the corporation."

In that case the landowner applied to the circuit court for a dismissal of the city's appeal because it had paid the money into the court of chancery, which was claimed to be a voluntary payment for the purpose of acquiring the right of immediate possession, and, therefore, by the rules of the common

law, no return of any part of the money could be exacted. The supreme court, in its opinion, observed that the appellant did not dispute the common law doctrine and properly treated the question as one of *statutory* construction. So it was, and the statute construed in that case indicated, said the court (at *p. 51*), that the legislature regarded the voluntary payment and receipt of the award as normally inconsistent with further litigation between the parties over the sum to be paid. Now, in the case at bar, the award paid into court was not withdrawn pending appeal, but after the appeal was decided and when a different status had been created. And the court, in *Jersey City* v. *Hamilton,* also observed that the authority which the statute conferred upon the condemning corporation to take possession of the land on paying the amount of the award to the owners, was given to private and public corporations in the same words; that under our constitution it could not be conferred upon private corporations unless compensation was *first made* to the owners.

However, the power to take possession before compensation made can, by the legislature, be constitutionally conferred upon municipal corporations; and by the act under review here the power is given to municipal corporations alone.

In *Loweree* v. *City of Newark, 88 N. J. Law 151,* it was held: "It is not necessary that compensation should precede the actual appropriation of lands for a public use by the state, or by a municipal corporation by state authority. It is sufficient that an adequate remedy is provided, which the party may resort to on his own motion to recover compensation. In this respect there is a distinction between a taking by a public municipal corporation, and by an individual or private corporation." See, also, *Redman* v. *Phila., M. & M. R. R. Co., 83 N. J. Eq. 165; Wheeler* v. *Essex Pub. Road Board, 39 N. J. Law 291; Mulligan* v. *Perth Amboy, 52 N. J. Law 132; Leuly* v. *West Hoboken, 54 N. J. Law 508, 510; Johnson* v. *Ocean City, 74 N. J. Law 190.*

Now, bearing in mind that the condemnation act construed in *Jersey City* · v. *Hamilton* placed a municipal corporation on the same footing as a private one, we will examine the

provisions of the act under which the condemnation proceedings in the case at bar were had, to ascertain whether the municipality was restricted in taking possession until compensation made, and whether, consequently, payment into court of the award of the commissioners precluded the municipality from the benefit of any reduced amount of damages that might be found by the jury on the landowner's appeal.

The act in question is an act concerning municipalities, chapter 152, laws of 1917 (*P. L. 1917 p. 319*), known as the Home Rule act, amended by chapter 195, laws of 1921 (*P. L. 1921 p. 511*), which gives an appeal to the landowner only, and not to the municipality. It is conceded that these acts apply. Section 23, as amended, provides, *inter alia,* that when any award made under that section is confirmed by the governing body, the amount thereof shall promptly be tendered to the person or persons entitled thereto, before the commencement of the work, and (so far as this case is concerned), where the person refuses to accept such award the same may be paid into this court, and it shall there be distributed to the person or persons entitled thereto according to law; that upon the acceptance of any such award or payment of the same into court, title to such land and real estate shall vest in the municipality, which may thereupon enter and take possession and remove all persons therefrom; that any owner or owners of lands taken for any such improvement may appeal to the circuit court within thirty days after confirmation of the award, and the court shall order a trial by jury to assess such damages and benefits anew; that no such appeal nor trial shall delay the prosecution or completion of the improvement, but the municipality may proceed as though said appeal had not been taken; that the judgment entered on such appeal shall fix the amount to be recovered by the appellant, and such judgment may be enforced in the same manner as other judgments in said court.

There is a vast difference between the provisions of the statute construed in *Jersey City* v. *Hamilton* and that which is before me in this case. In the former the provision was that if the jury, on appeal, should find a greater sum than

the commissioners awarded, then judgment, with costs, should be entered against the condemning corporation; and the court observed (at *p. 50*) that the legislature seemed to have sedulously avoided making any provision for an appeal taken by the condemning corporation which resulted in a verdict less than the amount of the award. Not so under the act here in question, for it provides that the jury shall assess the damages *anew,* and that the judgment entered upon the appeal shall *fix the amount to be recovered by the appellant,* namely, the landowner, from the condemning corporation. Therefore, as already remarked, the less sum awarded by the jury under the Home Rule act inures as well to the benefit of the condemning corporation as a greater sum would to the landowner. In view of these dissimilar statutory provisions and the clear and unequivocal enactment that the jury's finding shall supersede the commissioners' award (for all purposes, as it is not limited), the case of *Jersey City* v. *Hamilton* is not an authority for the appellant landowner in this case. Another thing: the appeal in that case was by the condemning corporation, which was precluded from further prosecuting it after voluntarily paying the award into court subsequent to filing the appeal and pending its prosecution; while in this case the appeal is by the landowner, who doubtless would have been barred from further prosecution of her appeal, if, pending its prosecution, she had withdrawn the award from the depository of this court. And in *Jersey City* v. *Hamilton,* if the landowner had appealed and the jury had found less damages that would have superseded the award. See *70 N. J. Law 49.*

Two things may be postulated from this entire situation— (1) that the landowner has no statutory right to the payment of damages by the condemning municipality prior to that corporation taking possession of the land condemned and prosecuting its work of improvement, and (2) that when the landowner appeals and demands the verdict of a jury upon the question of damages for the value of the land condemned, he is bound by the verdict and judgment thereon, and cannot claim the benefit of the initial award made by the commission-

ers of assessment, if it be greater than the damages assessed by the jury. To hold that the respondent, Mrs. Robinson, is entitled to prevail in this case, that is, keep the entire $4,839, although she was dissatisfied with the award of the commissioners and exercised her right of appeal, on which a jury assessed her damages at $2,500, or $2,339 less than the commissioners awarded, would, to my mind, be a travesty on justice.

The borough of Edgewater in its petition in this matter avers that the order for the payment of the $4,839 to Mrs. Robinson, obtained by her without disclosing the proceedings on appeal and the jury's finding, was a fraud upon this court. Counsel for Mrs. Robinson excuses the proceeding on the ground that he was of opinion that under the doctrine of *Jersey City* v. *Hamilton* she had an absolute right to the amount awarded, and that, while an increased award by a jury on appeal would have inured to her benefit, the finding of a less amount would not have benefited the borough; and he so advised his client. While I fail to see how he could have taken that view, having regard to the dissimilarity of the statutes above examined, and the fact that the landowner is appellant here, still I acquit him of any deliberate attempt to deceive this court. I am constrained, however, to say that the application, disingenuous as it was in not informing the court as to the appeal and its result, was what is known as a technical, legal fraud, dissociated from an actual one. Hereafter in this class of cases no payment of an award deposited in this court in condemnation proceedings will be paid out, except upon proof that no appeal has been taken, or, if taken, what proceedings have been had upon it and their result.

The petitioner is entitled to an order and decree vacating the order for payment of the sum awarded by the commissioners and deposited in court, and also compelling the defendant to repay to the municipality the difference, or $2,339, with interest from the time she withdrew it from the court's depository, together with the costs of this application.